■ In the Matter of FRANCIS A. ROGERS et al., Respondents, against DEPARTMENT OF HOUSING AND BUILDINGS OF THE CITY OF NEW YORK et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act, the appeal is from so much of an order on reargument as adhered to the original decision directing appellants to issue to respondents a certificate of occupancy for a one-family house. Order modified by striking therefrom the second ordering paragraph and by substituting therefor a provision that upon reargument the proceeding be dismissed, without costs. As so modified, order insofar as appealed from unanimously affirmed, with $10 costs and disbursements to appellants. Pursuant to plans duly approved by the Borough Superintendent of the Department of Housing and Buildings for the Borough of Queens, respondents commenced work on the erection of a one-family dwelling. After the excavation work and the foundation had been fully completed, the zone in which the building was to be located was changed to a " G-1 " area, in which

no portion of any building may be erected nearer than 15 feet to the street line of the street on which it fronts. Respondents were allowed to complete the erection of the building according to the plans previously approved, and were also permitted to construct a terrace at the front of the house, pursuant to an amended plan which was also approved. Thereafter, respondents, without permission of the municipal authorities, converted the terrace into a roofed porch. Application for a certificate of occupancy was denied because the porch was in violation of "G-1" area restrictions. Respondents have failed to establish that the new structure does not extend into the restricted area. They contend that, by reason of the commencement of the work in good faith, in reliance upon the approval of the plans, and their completion of the excavation and foundation, they have a vested right to proceed with a nonconforming structure, especially one of such a minor nature. We need not decide whether the progress of the work to the date of the zone change gave respondents a vested right to complete the superstructure for which such foundation was designed (cf. *Matter of Glenel Realty Corp.* v. *Worthington*, 4 A D 2d 702). Such superstructure has been completed without challenge of the right of respondents so to do. The roof over the porch, however, was not included in the original plans and so far as the record discloses was not even contemplated until after the change in zone had become effective. The protection of vested rights in a nonconforming structure, existing or in process of erection at the time of the imposition of zoning restrictions, does not extend to subsequent new construction (*Matter of French* v. *Incorporated Vil. of North Haven*, 1 A D 2d 788). Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ. [208 Misc. 785.]