■ TOWN OF ONONDAGA, Respondent, v. MARY L. HUBBELL, et al., Appellants.— Judgment affirmed, without costs of this appeal to any party. All concur, HALPERN, J., in the following memorandum: While I join in affirming the judgment appealed from, I do so on a special ground which is wholly different from the reasons given by the trial court in its opinion. I believe that the change from a restaurant selling only food and nonalcoholic beverages to a restaurant selling beer, was a permissible change of use under the zoning ordinance, since the change was from one nonconforming use to another nonconforming use within the same classification (in fact, within the same subdivision of the use classification). This was expressly authorized by paragraph 7 of the section of the ordinance dealing with nonconforming uses. However, as a procedural matter, the defendant should have applied for a certificate of occupancy for the changed use (Ordinance, p. 39). It is undisputed that no such certificate was obtained by the defendant. The defendant did not have the right to change the use of the premises by her unilateral action, without applying to the town authorities for a certificate permitting her to do so. Solely upon that ground, I would affirm the judgment. (Appeals from a judgment of Onondaga Special Term restraining defendant Hubbell from sale of beer in violation of town ordinance.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ. [19 Misc 2d 999].