■ INCORPORATED VILLAGE OF WILLISTON PARK, Respondent, v 280 HILLSIDE AVENUE RESTAURANT CORP. et al., Appellants.—In an action to (1) declare that defendants' use of certain premises is illegal as an unlawful extension of a prior nonconforming use and (2) enjoin such illegal use, these consolidated appeals are from (1) a judgment of the Supreme Court, Nassau County, dated July 8, 1976, which, after a nonjury trial, made such a declaration and enjoined such use, and (2) an order of the same court, dated September 9, 1976, which, *inter alia,* adjudged defendant 280 Hillside

Avenue Restaurant Corp. in contempt of court for violation of the said judgment. Judgment modified, on the law and the facts, by (1) deleting the first decretal paragraph thereof, (2) deleting so much of the second decretal paragraph thereof as begins with the words "adult entertainment" and substituting therefor the following: "entertainment on days other than Thursday, Friday and Saturday from the hours of 9:00 P.M. to 2:00 A.M." and (3) adding thereto a provision declaring that the pre-existing nonconforming use was unlawfully expanded only to the extent that entertainment was provided on days and at times other than those set forth above. As so modified, judgment affirmed, without costs or disbursements. Order reversed, on the law, without costs or disbursements, and motion to hold defendant 280 Hillside Avenue Restaurant Corp. in contempt of court denied. The status of the bar at the time it became nonconforming was as one which provided entertainment on weekend evenings from 9:00 P.M. to 2:00 A.M. The entertainment was a four-piece band, with singers. Sometime within the past year, the entertainment changed to "dancing girls", scantily clad (if at all), who performed from noon to 4:00 A.M. daily. The issue is whether the difference in the type of entertainment amounts to a change in use. The change in the entertainment, aside from its extent in the number of days and hours, was not an entirely new addition to the bar's previous format. There had been entertainment at the premises before. Therefore, the change in the form of entertainment need not be enjoined as though a new use were being added for the first time, as was the case in *Matter of Mariner's Realty Corp. v Wick* (51 AD2d 1001) and in *Town of Onondaga v Hubbell* (19 Misc 2d 999, affd 9 AD2d 1024, revd on other grounds 8 NY2d 1039). The substitution of "dancing girls" for a rock band does not produce a difference sufficient to comprise a change in use. We see an unlawful extension arise only from the increased hours and days of the entertainment and have reduced those accordingly (cf. *Town of Oyster Bay v Avalon Yacht & Cabana Club*, 38 AD2d 604). Since the court holds that the present use of the premises, limited to the hours above set forth, is not an extension of a nonconforming use, the appellant 280 Hillside Avenue Restaurant Corp. should not have been subjected to the contempt proceeding predicated upon an unlawful extension of the use. The order of contempt has, therefore, been reversed. Margett, Acting P. J., Rabin, Hawkins and Mollen, JJ., concur.