■ In the Matter of ROSBAR COMPANY, Respondent, v BOARD OF APPEALS OF THE CITY OF LONG BEACH, Appellant.—In a proceeding pursuant to

CPLR article 78 to review a determination upholding the denial of a permit to petitioner to repair fire damage to its building, the appeal is from a judgment of the Supreme Court, Nassau County, entered November 21, 1979, which annulled the determination and directed that a permit be issued to the petitioner. Judgment reversed, on the law, without costs or disbursements, determination confirmed and petition dismissed on the merits. Pursuant to a prior judgment of this court *(Matter of Rosbar Co. v Board of Appeals of City of Long Beach,* 67 AD2d 709), a rehearing in this matter has been conducted at which the parties have adduced evidence as to the impact upon the community caused by the conversions of the subject premises from an apartment hotel to an "American-plan" hotel to a private proprietary home. The documentary and testimentary evidence adduced at the rehearing indicate that in converting from what had been in essence a seasonal summer hotel to a year-round facility, there has resulted a significant increase in demand for municipal services. While the mere increase in the volume in one's business may not constitute a change in use, a distinction is to be drawn where there has been a purposeful expansion of the nature of operation *(Town of Oyster Bay v Avalon Yacht & Cabana Club,* 38 AD2d 604; *Incorporated Vil. of Williston Park v 280 Hillside Ave. Rest. Corp.,* 55 AD2d 927). Thus had petitioner experienced a sudden upswing in its summer clientele there would be no prohibited change in use, but in broadening its operation by converting to a full-year facility, as in *Town of Oyster Bay v Avalon Yacht & Cabana Club (supra),* petitioner effected a change in its nonconforming use. Although petitioner reasserts the argument that the appellant should be estopped from denying the application, this argument was raised and rejected on the initial appeal. Consequently, appellant's determination denying petitioner's application on the ground that it had lost its nonconforming status must be confirmed. Hopkins, J. P., Lazer and O'Connor, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment, with the following memorandum: I cannot concur with the result the majority reaches because it perpetrates a grievous injustice under the facts of this case. It is undisputed that the City of Long Beach has continually issued certificates of occupancy, certificates of compliance, and licenses of operation for the subject premises in various capacities. More significantly, it is undisputed that the owner of the premises has expended approximately $500,000 in renovating the interior of the structure, in apparently justifiable reliance on the certificates of compliance issued by the city, and with complete acquiescence on the part of the city (see this court's prior decision in this case, 67 AD2d 709, 710, Suozzi, J., dissenting). It is manifestly unfair and egregiously unjust for the city to now deny authorization to operate the premises in a manner for which it had previously given approval, and where a large sum of money has been spent in good faith and in complete reliance upon this earlier approval, thus creating a disastrous result for the owner. The concept of estoppel of a municipality from enforcing its own ordinances has been recognized by the courts of this State. It was authoritatively stated by the Court of Appeals, when it held "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised" *(Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; see, also, *Reichenbach v Windward At Southampton,* 80 Misc 2d 1031, affd 48 AD2d 909, for a discussion of equitable estoppel in the context of zoning litigation). Here, the conduct

of the town fathers exhibited a flagrant disregard for the rights of the petitioner. They should be estopped now from enforcing their zoning ordinance against the petitioner. It should also be noted that since the city delayed in exercising its rights under the zoning ordinance until after it issued several certificates and licenses to the petitioner causing the petitioner to act to its detriment in reliance thereon, the city is guilty of laches in enforcing its ordinance.

Gibbons, J., dissents and votes to affirm the judgment, with the following memorandum: I join Mr. Justice Weinstein in his dissent and vote to affirm on the basis of estoppel, as well as on the additional ground that there has not been such a change in the use of the premises as to constitute a departure from a valid nonconforming use.