◼ MARIANNE GRAY et al., Doing Business as THE COBBLER SHOP, Appellant, v CITY OF BUFFALO et al., Respondents. — Judgment unanimously reversed, with costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioners appeal from the denial without a hearing of their CPLR article 78 motion to annul respondents' decision revoking their amusement license and denying them a restricted use permit. Petitioners operate a restaurant known as The Cobbler Shop in Buffalo. The applicable zoning ordinance, adopted in 1977, permits establishment or extension of eating and drinking places only upon issuance of a restricted use permit. Because petitioners' predecessors had maintained an eating and drinking place at the location for several years prior to the adoption of the zoning ordinance, no permit was required for continuation of such use. As

to any extension of the use, however, such a permit would be required. Petitioners, who wished to add entertainment by topless dancers, obtained an amusement license from the Buffalo Director of Licenses. Subsequently, the director notified them that the license was issued in violation of the zoning law and scheduled a hearing to determine its validity. Petitioners applied for a restricted use permit and after several adjournments of the amusement license hearing and the failure by petitioners to appear at the Buffalo Common Council's Legislative Committee hearing on the restricted use permit, the Buffalo Common Council voted to deny the restricted use permit and revoke the amusement license. Petitioners argue that a threshold issue, not decided by Special Term, was presented, viz., whether petitioners were required under the ordinance to obtain a restricted use permit in order to add topless dancing. If, as petitioners assert, they had provided live entertainment prior to the enactment of the zoning ordinance, the addition of entertainment by dancing girls might be found to be a continuation, not an extension, of the use and the requirement for a restricted use permit thus obviated (see *Incorporated Vil. of Williston Park v 280 Hillside Ave. Rest. Corp.*, 55 AD2d 927, mot for lv to app granted in part, dsmd in part 41 NY2d 901). The court decided the motion without a hearing and without reaching the issue. This was error. We reject respondents' contention that the question was not properly before Special Term. We do not decide the other contentions raised on appeal. (Appeal from judgment of Erie Supreme Court — art 78.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.