■ JOSEPH GARCIA, Respondent, v ERNEST P. HOLZE et al., Constituting the Zoning Board of Appeals of the Town of Patterson, Appellants. — In a proceeding pursuant to CPLR article 78, the appeal is from a judgment of the Supreme Court, Putnam County (Marbach, J.), entered March 27, 1981, which annulled a determination of the Zoning Board of Appeals of the Town of Patterson to the extent of adjudging that the petitioner has the right to use certain premises as an automobile body and fender repair shop with paint spraying pursuant to a special permit issued by the board on July 26, 1963. Judgment reversed, without costs or disbursements, and matter remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith. Petitioner purchased the subject property in 1950. It was located in an area which was designated as an "A" district under the zoning ordinance then in effect. A permitted use in an "A" district was a public garage, defined by the zoning ordinance as "a building or premises other than a private garage used for the storage and repair of automobiles". Within two or three years of the purchase, the petitioner erected a cement block building on the property. He never occupied the premises himself but leased it to a succession of tenants, each of whom used it as a public garage for the storage and mechanical repair of automobiles. In 1960, the town adopted a new zoning ordinance which, *inter alia,* authorized garages in petitioner's district only upon approval of the zoning board and upon the issuance of a special permit. In 1963, the petitioner leased the premises to a new tenant named James Wilson who then applied for a special permit for the operation of a body and fender repair shop with paint spraying. The board acted favorably upon the application, issuing the special permit, *inter alia,* upon condition that it be brought up for renewal in two years. The special permit was never renewed, but succeeding tenants continued to operate the premises as a body and fender repair shop. In 1969 the zoning ordinance was amended to provide, *inter alia,* that petitioner's district would be redesignated as "light industrial" in which neither a garage nor a body and fender shop was a permissible use, with or without a special permit. In 1973, the tenant then on the petitioner's property, Kenneth Webb, applied to the board for a variance to operate a body shop, a welding shop, and a mechanical repair shop on the premises. The board refused to grant the variance. In 1976, the zoning ordinance was again amended, but an automobile repair and body shop remained an impermissible use in the district in which the property was located. The petitioner sought a ruling from the building inspector that an automobile repair and body shop was a valid pre-existing, nonconforming use. When the building inspector refused to make such a ruling, the petitioner appealed to the board. The board upheld the building inspector's determination, concluding that "the property in question does not enjoy the protection afforded a previously nonconforming use". Thereafter, the petitioner instituted this proceeding pursuant to CPLR article 78 to review the board's determination, arguing that it was arbitrary and capricious, and without foundation in law or fact. In response, the board asserted, *inter alia,* that any pre-existing, nonconforming use had been abandoned. Special Term resolved the matter in the petitioner's favor, but on the narrow ground that in 1963 no provision of the applicable zoning ordinance empowered the board to impose a condition limiting the duration of a special permit. Accordingly, he held that the unrenewed special permit was still in effect and that use of the property as a body repair shop was lawful under its authority. We reverse. Paragraph (b) of section 11 of the 1960 zoning ordinance provided in pertinent part that "[i]n issuing any special permit the Board of Appeals may impose any conditions that it deems necessary to accomplish the reasonable application of said standards * * * Said Board may require, as a

condition of the issuance of any special permit, that it shall be periodically renewed". Thus, contrary to the finding of Special Term, the two-year renewal requirement, imposed as a condition of the issuance of the special permit to the petitioner's tenant in 1963, was valid. The present use of the premises as a body and fender repair shop, therefore, cannot be upheld under the authority of the unrenewed special permit. A remaining and as yet unresolved question, however, is whether the use sought to be made of the property is permissible as a pre-existing nonconforming use. Ordinarily, in the absence of an ordinance to the contrary, a property owner has no right to substitute a new nonconforming use for an existing nonconforming use despite the generic similarity of the uses (see, e.g., *Matter of Calcagni Constr. Co. v Zoning Bd. of Appeals of Town & Vil. of Harrison,* 56 AD2d 845; 1 Anderson, NY Zoning Law and Prac [2d ed], § 6.21). No ordinance enacted by the town herein permitted such substitution without approval of the board. Moreover, the right to maintain a pre-existing, nonconforming use does not include a right to extend or enlarge it (see, e.g., *Matter of Rosbar Co. v Board of Appeals of City of Long Beach,* 77 AD2d 568, affd 53 NY2d 623; *Town of Oyster Bay v Avalon Yacht & Cabana Club,* 38 AD2d 604). Standing alone, however, the fact that a valid nonconforming use has been expanded or enlarged does not work a forfeiture of the right to continue the original nonconforming use. If such use has been continued notwithstanding the extension, only the extended use may be prohibited (see *Town of Oyster Bay v Avalon Yacht & Cabana Club, supra;* see, also, *Village of Waterford v O'Brien,* 39 AD2d 490). In the case at bar, the only valid nonconforming use of the property was the one in existence on the effective date of the 1960 ordinance, viz., a public garage for the storage and mechanical repair of automobiles. In our view, the subsequent use of the premises as a body repair shop with spray painting was not an accessory use but constituted an extension and enlargement of the original use. It was therefore invalid unless expressly approved under the authority of a zoning ordinance. Since the present operation of a body repair shop enjoys no such approval, it was within the board's discretionary power to prohibit it. The final question is whether the petitioner maintains the right to use the property as it was used prior to 1963, viz., as a public garage for the storage and mechanical repair of automobiles. The board contends that he has lost that right because such pre-existing, nonconforming use was abandoned. On the record before us, we are unable to resolve the issue. Accordingly, we remit the matter to the Supreme Court, Putnam County, for further proceedings to determine whether the use as a public garage for the storage and mechanical repair of automobiles has been continued or, instead, was abandoned within the meaning of the appropriate zoning ordinance. If the former, the petitioner maintains the right to continue such use. If the latter, such use may be prohibited by the board. Mollen, P. J., Gulotta, Brown and Boyers, JJ., concur.