■ In the Matter of CHARLES REMBAR, Appellant, v BOARD OF APPEALS OF THE VILLAGE OF EAST HAMPTON, Respondent. DANIEL ROSE et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Appeals of the Village of East Hampton, dated July 17, 1987, which allowed the intervenors-respondents to construct certain additions on their property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Friedenberg, J.), dated December 14, 1987, which dismissed the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the application for a variance is denied.

In 1986 the intervenors Daniel and Joanna S. Rose bought a certain parcel of real property in the Village of East Hampton which is contiguous to property owned by the petitioner herein. The Roses' property is improved by a 1½-story frame dwelling built in 1947, a two-story frame dwelling which was probably built in the 1800's (hereinafter the cottage) and a garage which had been converted to a dwelling unit. Because the property is situated in the village's "AA" residential district, which restricts use to "a single detached dwelling for not more than one (1) family" (Village of East Hampton Zoning Code § 57-4 [A] [1]), the use of the property is noncon-forming.

In April 1987 the Roses submitted an application for a variance from the provisions of section 57-4 (A) (1) in order, among other things, to extend a dormer on the cottage and to install a foundation under the building.

On June 19, 1987, the respondent Board held a public hearing on the Roses' application. It was conceded at the hearing that the subject property violated not only the use restrictions prescribed for the zoning district but that it violated the setback requirements as well. In support of the application, the Roses stated they intended to use one of the structures on the property as a retirement home and that the remaining structures were to be used by their four adult children. However, in a decision dated July 17, 1987, to the extent relevant to this appeal, the Board found that the cottage constituted a preexisting use and that the addition of the foundation and dormers to the cottage were "insignifi-cant" and would not "increase the intensity of the use of the property". Based upon these findings, the Board determined, in pertinent part, that "[t]he proposed foundation and dormers to the cottage are hereby granted".

The petitioner subsequently brought the instant CPLR article 78 proceeding to review the Board's determination. In essence, the petitioner claims that the determination constituted an improper grant of a use variance. The Board and the Roses claim that the Board's determination was merely an interpretation that the proposed alterations were permitted by the Zoning Code as a matter of right.

The Supreme Court found that the proposed alterations could be made without a variance and that therefore the Board's interpretation that the alterations were permissible was not unreasonable or irrational. We disagree.

It is axiomatic that a zoning board of appeals has the power to interpret the provisions of the local zoning ordinance or code (*Matter of Mialto Realty v Town of Patterson*, 112 AD2d 371, *lv dismissed* 66 NY2d 601; *Rattner v Planning Commn.*, 103 AD2d 826). The mere fact that an applicant applies for a variance with respect to proposed construction does not preclude the Board from rendering a decision that based upon its interpretation of the provisions of the ordinance a variance is not required. At bar, the Board's determination is arguably susceptible of meaning that the requested variance was granted or that the proposed alterations may be made as of right. However, we find that the Board's determination cannot be upheld on either of these constructions.

Although the evidence adduced at the hearing supports the Board's finding that the cottage constituted a lawful preexisting use (*see, Matter of Marzella v Munroe*, 69 NY2d 967; *Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278; *Incorporated Vil. of Old Westbury v Alljay Farms*, 100 AD2d 574, *mod on other grounds* 64 NY2d 798), contrary to the Board's contention, this finding does not a fortiori lead to the conclusion that the cottage may be altered or enlarged as a matter of right. The protection of vested rights in a nonconforming structure existing at the time a prohibitory code is enacted does not extend to subsequent construction (*see, Garcia v Holze*, 94 AD2d 759, 760; *Matter of Rogers v Department of Hous. & Bldgs.*, 5 AD2d 784, 785). Moreover, the Zoning Code at bar provides that "no building * * * shall hereafter be used, constructed * * * extended, enlarged or substantially altered in its use or construction, except in conformity with the regulations herein prescribed for the district (zone) in which it is located" (Village of East Hampton Zoning Code § 57-3 [A]). Furthermore, Village of East Hampton Zoning Code § 57-12 (D) (1) provides that the Board of Appeals, by *special permit,* may "[p]ermit the extension or the alteration

of an existing nonconforming use and the buildings or structures related to such use". In light of the above, the Board's finding that the proposed alterations were permitted as of right under the zoning ordinance is arbitrary and unreasonable. Consequently, it may properly be set aside *(see, Matter of Frishman v Schmidt,* 61 NY2d 823; *Gillen v Zoning Bd. of Appeals,* 144 AD2d 433).

Given the record at bar, the Board could not properly grant the Roses either a use or an area variance. In order to obtain these variances the applicant must show practical difficulties and unnecessary hardship *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 607; *Matter of Governale v Board of Appeals,* 121 AD2d 539; Village of East Hampton Zoning Code § 57-12). However, no evidence was adduced at the public hearing which could sustain a finding of practical difficulties and unnecessary hardship.

Accordingly, the Supreme Court improperly confirmed the Board's determination.

We note that our determination is without prejudice to the intervenors applying to the Board of Appeals, pursuant to Village of East Hampton Zoning Code § 57-12 (D), for a special permit. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.