■ In the Matter of TOULA CUCCI, Petitioner, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON et al.,

Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Huntington, dated November 19, 1987, which after a hearing, denied the petitioner's application for an area variance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Initially, we note that the Supreme Court should have disposed of this proceeding on the merits instead of transferring it to this court *(see,* Town Law § 267 [7]). However, this court will decide the case on the merits in the interest of judicial economy *(see, Matter of Bauer v Zoning Bd. of Appeals,* 121 AD2d 627).

The petitioner seeks to expand her one-story cottage by building a two-story addition and a two-car garage. The cottage is a nonconforming structure since it was built prior to the adoption of the current Zoning Code and does not conform to the town's rear yard setback requirements.

The petitioner contends that, given the cottage's status as a nonconforming structure, she is entitled to a building permit as of right. However, the protection of vested rights in a nonconforming structure existing at the time a prohibitory code is enacted does not extend to subsequent construction *(see, Matter of Rembar v Board of Appeals,* 148 AD2d 619; *Garcia v Holze,* 94 AD2d 759, 760; *Matter of Rogers v Department of Hous. & Bldgs.,* 5 AD2d 784, 785). Moreover, the Zoning Code at bar provides that "a nonconforming building * * * shall not be extended or structurally altered except when required by law * * * provided such extension or alteration does not create any new nonconforming bulk in the building" (Town of Huntington Zoning Code § 198-103). Thus, even under the town code, such additional construction is explicitly excluded as a matter of right.

Finally, we conclude that the determination of the Zoning Board of Appeals that the petitioner failed to adduce proof of practical difficulties or unnecessary hardship is supported by substantial evidence in the record *(see, Matter of Fuhst v Foley,* 45 NY2d 441). Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.