■ In the Matter of STEVEN FRISENDA, Respondent-Appellant, v ZONING BOARD OF APPEALS OF TOWN OF ISLIP, Appellant-Respondent. [626 NYS2d 263] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip, dated May 5, 1992, which, after a hearing, denied the petitioner's application for certain area variances, the Zoning Board of the Town of Islip appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered October 1, 1993, which granted the

petition to the extent of annulling the determination and remitting the matter for further proceedings not inconsistent with the court's memorandum decision, dated June 30, 1993, and the petitioner cross-appeals from so much of the judgment as failed to grant the petition in its entirety.

Ordered that on the Court's own motion, the notice of appeal and the notice of cross-appeal are treated as applications for leave to appeal and to cross-appeal, respectively, and leave to appeal and cross-appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

Since a decision by a Zoning Board of Appeals which neither adheres to its own precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious (Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 517-518; Matter of Pesek v Hitchcock, 156 AD2d 690; Knight v Amelkin, 68 NY2d 975, 978; Matter of Fuhst v Foley, 45 NY2d 441, 444). The record reflects earlier determinations of the appellant reaching contrary results on essentially the same facts, and accordingly, an explanation or a conforming determination is required by the appellant (Knight v Amelkin, supra, at 978).

With respect to the cross-appeal, the protection of vested rights in a nonconforming structure existing at the time a prohibitory code is enacted does not extend to subsequent construction (see, Matter of Cucci v Zoning Bd. of Appeals, 154 AD2d 372, 373; Matter of Rembar v Board of Appeals, 148 AD2d 619; Garcia v Holze, 94 AD2d 759). The zoning code in this proceeding provides that "[n]o building or land shall be used and no building shall be erected or structurally altered except in conformity with this ordinance" (Town of Islip Code § 68-13) (emphasis added). Even though the petitioner's original residence is a permitted nonconforming structure since it was built in compliance with preceding zoning ordinances, this factor does not mean that the structure is legalized for all future construction and should be entitled to a building permit as of right. There is no requirement that the new improvements should be afforded the same protection of the original structure, thereby entitling the petitioner to a building permit without a variance (see, Matter of Cucci v Zoning Bd. of Appeals, supra, at 373; Matter of Rembar v Board of Appeals, supra; Garcia v Holze, supra, at 760; Matter of Rogers v Department of Hous. & Bldgs., 5 AD2d 784, 785).

The parties' remaining contentions are without merit. Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.