■ In the Matter of JOHN BROCK, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF QUEENSBURY et al., Respondents. [653 NYS2d 988] —Mercure, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered July 7, 1995 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Queensbury requiring use and area variances for petitioner's project.

Petitioner is the owner of The Mooring Post, a commercial marina located on the shore of Lake George in a residential zone of the Town of Queensbury, Warren County. Petitioner's marina *operation* constitutes a prior nonconforming use. In October 1994, the Town issued petitioner a permit to demolish a number of buildings on the property and to replace them

with two large metal boat storage buildings. After petitioner demolished and removed six buildings and placed an order for approximately $400,000 in materials for the replacement structures, the Town Zoning Administrator discovered that petitioner's plans were incorrect in their representation that the replacement buildings would have a "footprint" containing less total square footage than the buildings that were to be removed. Specifically, it was determined that petitioner's calculations were based in part upon the area of buildings that had already been removed, buildings that had never been devoted to marina use and buildings that were not intended to be removed. Taking the position that, under the facts as then known, the proposed construction required both use and area variances, the Zoning Administrator revoked the building permit and issued a stop-work order. Petitioner appealed that determination and, as an alternative remedy, submitted applications for use and area variances. Following a number of contested proceedings before respondent Zoning Board of Appeals of the Town of Queensbury (hereinafter the ZBA) and the Warren County Planning Board, the submission of revised plans and appeals to the ZBA by petitioner and a neighboring landowner, the ZBA determined that both use and area variances were required, a decision challenged in this CPLR article 78 proceeding. Supreme Court dismissed the petition on the merits and petitioner now appeals.

We affirm. Initially, we reject petitioner's challenge to the ZBA's interpretation of Town of Queensbury Code § 179-79 as including the replacement of a nonconforming structure with one that is *taller* within the prohibition that a nonconforming use not be *"enlarged or extended"* (emphasis supplied). We note that the Town Code contains no limiting definition for the terms "enlarged" or "extended" and the ZBA's interpretation, prohibiting all enlargements and extensions, strikes us as entirely consistent with the plain meaning of the statutory language (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 94). In addition, the ZBA's interpretation is consistent with the " 'strong policy favoring the eventual elimination of nonconforming uses' " (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 422, quoting *Matter of Off Shore Rest. Corp. v Linden*, 30 NY2d 160, 164). Under the circumstances, we conclude that the ZBA's construction of the relevant Town Code provision and resulting conclusion that petitioner's proposed project constituted an increase in a nonconforming use was by no means arbitrary or contrary to law (*see*, *Matter of Frishman v Schmidt*, 61 NY2d 823, 825; *Matter of Fiore v Zoning Bd.*, 21 NY2d 393, 396). In view of the applicable standard of review,

the case of *Matter of Martens v Zoning Bd. of Appeals* (195 AD2d 974), which upheld a different zoning board's contrary interpretation of a similar ordinance, by no means compels a contrary view.

Once it is determined that petitioner's proposed project would have the effect of increasing the nonconforming use of the property, the remaining issues are not difficult to resolve. In view of the further provision of Town of Queensbury Code § 179-79 (D) that "any nonconforming use may be increased only by variance granted by [the ZBA]", it necessarily follows that petitioner was required to obtain a use variance. We also agree with Supreme Court's conclusion that an area variance was required. Because the permissibility of use of nonconforming structures does not extend to subsequent construction (*see, Matter of Cucci v Zoning Bd. of Appeals*, 154 AD2d 372, 373; *Matter of Rembar v Board of Appeals*, 148 AD2d 619; 620), the fact that the proposed construction would violate existing setback requirements provides a rational basis for the ZBA's requirement that petitioner obtain an area variance, regardless of whether the extent of violation actually decreased from that previously existing.

Finally, we reject the contention that petitioner had a vested right in the building permit that was initially issued. Because the permit was issued on the basis of petitioner's inaccurate representations and purported to " 'confer rights in contravention of the zoning laws' " (*Matter of B & G Constr. Corp. v Board of Appeals*, 309 NY 730, 732, quoting *City of Buffalo v Roadway Tr. Co.*, 303 NY 453, 463), it was subject to revocation (*see, Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282, *appeal dismissed, cert denied* 488 US 801; *Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals*, 176 AD2d 1157, 1159, *lv denied* 79 NY2d 754; *see also,* Town of Queensbury Code § 179-111).

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.