■ LORRAINE MASON et al., Respondents, v APPLE VALLEY SPEEDWAY, INC., et al., Appellants. SPENCER SPEEDWAY, INC., et al., Intervenors-Appellants. (Action No. 1.) TOWN OF WILLIAMSON et al., Respondents, v APPLE VALLEY SPEEDWAY, INC., et al., Appellants. SPENCER SPEEDWAY, INC., et al., Intervenors-Appellants. (Action No. 2.) [661 NYS2d 571] —Amended order and judgment affirmed with costs for reasons stated in decision at Supreme Court, Strobridge, J.

All concur except Lawton and Fallon, JJ., who dissent in part and vote to modify in the following Memorandum.

Lawton and Fallon, JJ. (dissenting in part). We respectfully dissent in part. We agree with the findings of Supreme Court that Apple Valley Speedway, Inc., as operated since 1993 constituted both a private nuisance and an impermissible expansion of a nonconforming use (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 498; *see also, Incorporated Vil. of Williston Park v 280 Hillside Ave. Rest. Corp.*, 55 AD2d 927). However, we disagree that the amended order and judgment granted the proper relief. In the amended order and judgment, the court ordered in relevant part: "[D]efendants are also hereby permanently enjoined from conducting any activities at Apple Valley Speedway such that the noise level is unreasonable to a listener at residences within a geographical radius of $2/10$s of a mile from the outer boundaries of the racetrack facilities including, but not limited to, operation of the public address system. 'Unreasonable' shall mean noise levels emanating from the track in excess of 65

dBA until 10:00 P.M. and 50 dBA after 10:00 P.M. at the receiving property line".

In our view, the record contains insufficient evidence to support that part of the amended order and judgment defining "unreasonable" noise levels in terms of specific decibel levels. Although plaintiffs' expert testified that a 65 decibel limit was reasonable during the day and a 50 decibel limit was reasonable during the evening, the expert relied on noise ordinances from other municipalities with similar limits without having investigated the character of the communities in those municipalities for whose protection those ordinances were promulgated.

Plaintiffs have cited no New York cases in which specific decibel limits were defined by judicial fiat. In our view, the setting of the limits of reasonable noise levels in this particular community should be left to the Town authorities, not the judiciary (*cf., Celebrity Studios v Civetta Excavating*, 72 Misc 2d 1077, 1084-1085, quoting *Boomer v Atlantic Cement Co.*, 26 NY2d 219, 222-223). As noted by the intervenors, the amended order and judgment fails to state the standard for measuring an unreasonable noise level, whether as a maximum noise level at any one time or on an average level, "Leq" or "LDN", the latter being standards of measurement used by Federal agencies in regulating noise (*cf., McCombs v Joplin 66 Fairgrounds*, 925 SW2d 946, 950). That omission underscores the need for administrative attention to the matter. We would modify the amended order and judgment by vacating the seventh decretal paragraph and otherwise affirm. (Appeal from Amended Order and Judgment of Supreme Court, Wayne County, Strobridge, J.—Permanent Injunction.) Present— Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.