▪ In the Matter of BRUCE E. GARDNER et al., Appellants, v TOWN OF CANANDAIGUA CODE ENFORCEMENT OFFICER et al., Respondents, and THOMAS H. FRAUENHOFER et al., Intervenors-Respondents. [689 NYS2d 326] —Judgment unanimously affirmed without costs. Memorandum: Petitioners, the owners of an access easement providing for the use and enjoyment of lakefront property on Canandaigua Lake, were granted a certificate of

existing nonconforming use to continue their use of an existing nonconforming mooring, dock and boat structure. After petitioners expanded their existing nonconforming use by installing a boat hoist with a new dock, respondent Town of Canandaigua Code Enforcement Officer, Jerry R. Repard (Code Enforcement Officer), discovered that the certificate of existing nonconforming use had been issued in error and revoked the certificate. Petitioners appealed the revocation to respondent Town of Canandaigua Zoning Board of Appeals (ZBA) and simultaneously applied for area variances to allow for the continuation of the newly built structure. The ZBA upheld the determination of the Code Enforcement Officer and denied petitioners' application for area variances. Petitioners then commenced this CPLR article 78 proceeding seeking to annul the ZBA's determination on the grounds that it is arbitrary and capricious and not supported by substantial evidence.

Supreme Court properly dismissed the petition. Because the certificate of existing nonconforming use was issued on the basis of petitioners' misleading representations, it was properly revoked (*see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *rearg denied* 71 NY2d 995, *appeal dismissed and cert denied* 488 US 801; *Matter of Brock v Zoning Bd. of Appeals,* 237 AD2d 670, 672). The ZBA's determination denying the area variances requested by petitioners is not arbitrary and capricious (*see, Matter of Sasso v Osgood,* 86 NY2d 374, 384-386). Although petitioners also contend that the determination is not supported by substantial evidence, that standard of review is not applicable here (*see, Matter of Sasso v Osgood, supra,* at 385, n 2). (Appeal from Judgment of Supreme Court, Ontario County, Scudder, J.—CPLR art 78.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.