■ In the Matter of CIVIC ASSOCIATION OF THE SETAUKETS et al., Respondents, v FRANK TROTTA et al., Respondents, and MARILYN ZUCKER, Appellant. [778 NYS2d 524]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven, dated April 18, 2002, which, after a hearing, granted the appellant's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Lifson, J.), dated March 25, 2003, which annulled the determination.

Ordered that the judgment is affirmed, with costs.

In determining whether to grant an area variance, a zoning board must "engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is

granted" (*Matter of Ifrah v Utschig,* 98 NY2d 304, 307 [2002], citing *Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]). "A decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 516-517 [1985]; *Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals,* 293 AD2d 679 [2002]; *Matter of Frisenda v Zoning Bd. of Appeals of Town of Islip,* 215 AD2d 479 [1995]; *Matter of Lafayette Stor. & Moving Corp.,* 77 NY2d 823 [1991]).

The Board of Zoning Appeals of the Town of Brookhaven (hereinafter the Board) granted an application made by the appellant in 2002 for a zoning variance that allowed the property at issue to be reconfigured and used in essentially the same way that had been proposed in a 2001 application that the Board had denied. Contrary to the appellant's contention, there was no rational basis for reaching a different result on essentially the same facts. Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.