In the Matter of JOSEPHINE ALIPERTI, Respondent, v FRANK C. TROTTA et al., Appellants. [827 NYS2d 274]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated August 8, 2003, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered August 8, 2005, which granted the petition, annulled the determination, and remitted the matter to the Zoning Board Appeals of the Town of Brookhaven to issue the area various.

Ordered that the judgment is affirmed, with costs.

In determining whether to grant an area variance, a zoning board is required by Village Law § 7-712-b (3) to engage in a balancing test "weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 307 [2002]; *see Matter of Sasso v Osgood*, 86 NY2d 374 [1995]; *Matter of CFS Realty Corp. v Board of Zoning Appeals of Town of N. Hempstead*, 7 AD3d 705 [2004]). A decision by a zoning board of appeals which neither adheres to its prior precedent nor sets forth its reasons for reaching a different result on essentially the same facts is arbitrary and capricious (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520 [1985]; *Matter of Civic Assn. of Setaukets v Trotta*, 8 AD3d 482, 483 [2004]; *Matter of Frisenda v Zoning Bd. of Appeals of Town of Islip*, 215 AD2d 479, 480 [1995]; *Matter of Spandorf v Board of Appeals of Vil. of E. Hills*, 167 AD2d 546, 547 [1990]).

The Zoning Board of Appeals of the Town of Brookhaven (hereinafter the Zoning Board) granted an application made by the petitioner in 2001 for an area variance, which allowed, inter alia, the subject property to be divided into two 60 x 100-foot parcels (parcel A and parcel B), and the construction of a one-

family dwelling with a 910 square-foot second story on parcel B. After construction of an identical residence on parcel A was 85% complete, the petitioner applied for a building permit. At that time, she was informed that an area variance was required inasmuch as the enlarged second story was violative of Town Code § 85-372 (C), which provides that a 600 square-foot second story is the maximum size permitted on a residential structure constructed on a parcel less than 70 feet wide. The petitioner thereafter applied for an area variance, which was denied by the Zoning Board.

Contrary to the Zoning Board's contention, it articulated no rational basis for reaching a different result on essentially the same facts. Accordingly, the Supreme Court properly annulled the determination and remitted the matter to the Zoning Board to issue the area variance. Schmidt, J.P., Krausman, Rivera and Spolzino, JJ., concur.