■ In the Matter of JOHN ADAMS et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF EAST FISHKILL et al., Respondents. [886 NYS2d 410]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Fishkill dated October 9, 2007, which, after a hearing, granted the application of Lillian Cay-Fields for an area variance, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated May 15, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The owner of the subject property, Lillian Cay-Fields, applied for an expansion of a nonconforming use and a 28-foot side yard variance for an existing addition to her house, which had been constructed under a building permit that was revoked when construction was already largely completed. A public hearing was held, at which the petitioners, who reside on property adjacent to the property owned by Cay-Fields, contended that the addition had an adverse impact on them. Both properties were built prior to the enactment of any zoning laws. The properties are a few feet apart, and both are positioned close to the property line they share. The Zoning Board of Appeals of the Town of East Fishkill (hereinafter the ZBA) granted Cay-Fields' application for a variance. The petitioners commenced this proceeding, contending that the ZBA's determination was arbitrary, capricious, and an abuse of discretion. The court denied the petition and dismissed the proceeding.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter*

of *Halperin v City of New Rochelle,* 24 AD3d 768, 770-771 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Pasceri v Gabriele,* 29 AD3d 805 [2006]).

Here, in determining whether to grant the area variance, the ZBA engaged in the appropriate balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance was granted, and properly focused on the five statutory factors enumerated in Town Law § 267-b (3) (b) (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Aliperti v Trotta,* 35 AD3d 854 [2006]). The record indicates that the ZBA's determination to grant the variance has a rational basis and was not arbitrary, capricious, or an abuse of discretion (*see Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.,* 3 AD3d 496 [2004]; *Matter of Easy Home Program v Trotta,* 276 AD2d 553 [2000]). The Supreme Court therefore properly denied the petition and dismissed the proceeding. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.