Matter of Andes v Zoning Bd. of Appeals of the Town of Riverhead (2023 NY Slip Op 03009)

Matter of Andes v Zoning Bd. of Appeals of the Town of Riverhead

2023 NY Slip Op 03009

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.

2018-01780
 (Index No. 8742/16)

[*1]In the Matter of William F. Andes, Jr., et al., appellants,
v
Zoning Board of Appeals of the Town of Riverhead, et al., respondents.

Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca and Lisa J. Ross of counsel), for appellants.
Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Frank A. Isler and Christopher B. Abbott of counsel), for respondent Zoning Board of Appeals of the Town of Riverhead.
Campanelli & Associates, P.C., Merrick, NY (Andrew J. Campanelli of counsel), for respondents John Reeve, Sandra Reeve, and J & S Reeve Summer Cottages, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Riverhead dated August 11, 2016, which denied the petitioners' appeal from a determination of the Building Department of the Town of Riverhead dated November 24, 2009, finding, inter alia, that a marina and commercial shellfishing operation on the subject property are legal preexisting nonconforming uses, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 22, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs payable by the respondents John Reeve, Sandra Reeve, and J & S Reeve Summer Cottages, LLC, the petition is granted to the extent that the determination of the Zoning Board of Appeals of the Town of Riverhead dated August 11, 2016, is annulled, the petition is otherwise denied, and the matter is remitted to the Zoning Board of Appeals of the Town of Riverhead for a new determination in accordance herewith.
John Reeve and Sandra Reeve purchased real property in the Town of Riverhead in 1994. The petitioners are neighboring property owners. This dispute arises out of the Reeves' use of the subject property as a marina and commercial shellfishing operation, both of which are prohibited uses in the single-family residential zone in which the subject property is located.
In 2003, the Reeves obtained building permits for the construction of docks and bulkheading. A certificate of occupancy for those structures was issued in December 2008. In 2009, the Reeves applied for a special permit for "[r]econfiguration of docks," with a site plan that depicted a substantial expansion of the docks and their use as a marina. Concerns then arose regarding [*2]whether marina and commercial shellfishing uses were legal, preexisting nonconforming uses on the property, and, if so, whether such uses could be significantly expanded as contemplated by the Reeves. Those concerns culminated in a letter issued by the Town of Riverhead Building Department (hereinafter the Building Department) on November 24, 2009, finding, inter alia, a legal preexisting nonconforming marina on the property as of 2004, when marinas became prohibited by the Code of the Town of Riverhead (hereinafter the Town Code); a legal preexisting nonconforming commercial shellfishing operation on the property since 1959, when the use became prohibited by the first zoning ordinance in the Town of Riverhead; and that those preexisting nonconforming uses continued without interruption until the date of the letter. In the same letter, the Building Department also found that the dock and bulkhead reconstruction work for which permits were initially issued in 2003 "did not constitute an expansion of a pre-existing, non-conforming use in 2003."
By determination dated August 11, 2016, the Zoning Board of Appeals (hereinafter the ZBA) affirmed the Building Department's November 24, 2009 determination.
The petitioners commenced this CPLR article 78 proceeding to review the ZBA's August 11, 2016 determination, and the underlying November 24, 2009 determination of the Building Department. In an order dated December 22, 2017, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
A court's review of a determination by a zoning board of appeals is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion, and its determination after a public hearing should be sustained if it has a rational basis and is supported by evidence in the record (see CPLR 7803[3], [4]; Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Rusciano v Ross, 78 AD3d 715, 716)—even if the reviewing court would have reached a different result (see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville, 98 NY2d 683, 685; Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d 1289, 1292).
The owner of a property bears the burden of establishing that an allegedly preexisting use was legal prior to the zoning restriction which rendered it nonconforming (see Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d at 1293). The owner must demonstrate that the property was used for the nonconforming purpose at the time the zoning ordinance became effective (see Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278, 284-285).
Marinas were first prohibited in the residential zone in which the subject property is located in June 2004 (see Town Code former § 108-12). Commercial shellfishing has been a prohibited use since the promulgation of the first zoning ordinance in Riverhead in 1959. Furthermore, Town Code § 301-222(C) contains a one-year abandonment provision, which provides that "[n]o nonconforming use may be reestablished where such nonconforming use has been discontinued for a period of one year." Accordingly, any one-year gap in use establishes abandonment of that use, regardless of intent (see Matter of Toys "R" Us v Silva, 89 NY2d 411, 421).
Here, there is sufficient evidence in the record, including affidavits, testimony, and documents, to support the ZBA's determination that the marina and commercial shellfishing operation are preexisting nonconforming uses on the subject property. While there is also evidence in the record supporting a contrary conclusion, a reviewing court may not weigh the evidence or reject the choice made by the ZBA when there is conflicting evidence and room for choice exists (see id. at 424; Matter of Sundial Asphalt Co. v Dark, 294 AD2d 585, 586). Nevertheless, the ZBA's supportable finding that the nonconforming uses were valid at their inception in no way implies that the Reeves could thereafter change or expand such use in violation of applicable municipal regulations (see Costa v Callahan, 41 AD3d 1111, 1116).
In 2003, Chapter 47 of the Town Code was amended to regulate the dimensions of [*3]docks and bulkheads. Since the Reeves received a permit from the New York State Department of Environmental Conservation (hereinafter DEC), inter alia, to expand and improve their docks and build a new bulkhead prior to the date of the amendment, their expanded docks, catwalks, and bulkheading were grandfathered in and were not subject to the new limitations (see Town Code former § 47-21[K]). However, the construction of those new docks, catwalks, and bulkhead was not completed until 2008. At the time of this construction, both the marina and commercial shellfishing operation were nonconforming uses. Since 1987, the Town Code has required site plan approval from the Planning Board in single-family residence districts "[w]ith respect to any existing, nonconforming commercial or industrial use, any activity, change or use requiring a building permit, a special permit or a variance hereunder, provided that all other needed prior approvals for the activity have first been obtained" (id. § 301-304[A][4]). In addition, a marina requires one off-street parking space for every two boat slips or mooring stations (see Town Code §§ 301-231[A]; 301 Attachment 1). Here, it is undisputed that no site plan approval was applied for or received for a marina or commercial shellfishing use at the time the docks were reconfigured, dredging was performed, and bulkheading was added—all of which were changes requiring building permits.
"While nonconforming uses are generally permitted to continue, they may not be enlarged as a matter of right" (Matter of Rudolf Steiner Fellowship Found. v De Luccia, 90 NY2d 453, 458). Although a mere increase in the volume in one's business may not constitute a change in use, "a distinction is to be drawn where there has been a purposeful expansion of the nature of [the] operation" (Matter of Rosbar Co. v. Board of Appeals of City of Long Beach, 77 AD2d 568, 569, affd, 53 NY2d 623). "The protection of vested rights in a nonconforming structure, existing or in process of erection at the time of the imposition of zoning restrictions, does not extend to subsequent new construction" (Matter of Rogers v Department of Hous. & Bldgs. of City of N.Y., 5 AD2d 784, 785).
Here, the Reeves' failure to obtain site plan approval for the reconstruction of the docks and bulkhead, for which permits were initially issued in 2003, casts doubt on whether any of the new structures built after 2003 fall within the Reeves' nonconforming use for the marina and commercial shellfishing operation (see Costa v Callahan, 41 AD3d at 1116), and calls into question the Building Department's unexplained finding that the dock and bulkhead reconstruction work "did not constitute an expansion of a pre-existing, non-conforming use in 2003"—which was not specifically addressed in the ZBA's August 11, 2016 determination.
Accordingly, we grant the petition to the extent of annulling the ZBA's determination, and we remit the matter to the ZBA to further consider whether the declaration of the Reeves' preexisting, nonconforming uses relating to the marina and commercial shellfishing operation extends to any new construction built after 2003 in violation of the Town Code, and for a new determination thereafter.
In light of our determination, we need not reach the petitioners' remaining contention.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court