■ In the Matter of LAWRENCE W. McQUADE et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Respondent. [669 NYS2d 857] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Zoning Board of Appeals of the Town of Huntington, dated July 9, 1992, as, after a public hearing, denied that branch of the petitioners' application which was for a nonconforming use variance for a certain structure located on their property, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered February 6, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners purchased certain property in 1971 which was subject to zoning restrictions enacted in 1934. The petitioners applied to the Zoning Board of Appeals of the Town of Huntington for a variance to establish, *inter alia*, that the use of a barn located on their property was a prior nonconforming use of habitable space.

"[T]o establish a right to a nonconforming use, the person claiming the right must demonstrate that the property was indeed used for the nonconforming purpose, as distinguished from a mere contemplated use, at the time the zoning ordinance became effective" (*Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278, 284). Although the petitioners established that they rented out the barn as a dwelling space, it is the conduct of those who were the owners as of the date of the enactment of the zoning ordinance which is controlling (see, *Matter of Concerned Citizens v Lester,* 62 AD2d 171, 175).

Upon review of the record, we find that the evidence does not support the petitioners' contention that the barn was used as a

dwelling prior to 1934. The testimony of the only two witnesses who claimed to have had knowledge of events prior to 1934 was merely speculative. Review by this Court is limited to whether the Board's determination has a rational basis and is supported by substantial evidence. This Court may not substitute its discretion for that of the Board unless its determination is arbitrary or contrary to law (*see, Matter of Smith v Board of Appeals,* 202 AD2d 674). Since the petitioners failed to meet their burden, the Board's determination was properly upheld by the Supreme Court (*see, Matter of Fuhst v Foley,* 45 NY2d 441). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.