■ TOWN OF HUNTINGTON, Appellant, v FIVE TOWNS COLLEGE REAL PROPERTY TRUST et al., Respondents. (Matter No. 1.) In the Matter of FIVE TOWNS COLLEGE REAL PROPERTY TRUST et al., Respondents, v THOMAS A. MAZZOLA et al., Appellants. (Matter No. 2.) [740 NYS2d 107] —In an action, inter alia, to enjoin Five Towns College from completing construction of certain dormitories (Matter No. 1), and a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated January 11, 2001, which, after a hearing, directed the Department of Engineering Services to revoke certain building permits issued to the college (Matter No. 2), the appeal is from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered April 13, 2001, which granted the petition, annulled the determination in Matter No. 2, reinstated the permits, and dismissed the complaint in Matter No. 1.

Ordered that the judgment is reversed, on the law, with one bill of costs, the petition is denied and the determination is confirmed in Matter No. 2, the complaint is reinstated in Matter No. 1, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

A zoning board of appeals is empowered to interpret the provisions of a local zoning ordinance, and the judicial function in reviewing a board's decision is a limited one (*see Matter of Dudyshyn Contr. Co. v Zoning Bd. of Appeals of Town of Mount*

*Pleasant,* 255 AD2d 445; *Matter of Rembar v Board of Appeals of Vil. of E. Hampton,* 148 AD2d 619; *Matter of Bockis v Kayser,* 112 AD2d 222). Under a zoning ordinance which authorizes interpretation of its requirements by the board of appeals, as here, the board's interpretation is entitled to deference and should not be disturbed unless it is unreasonable or irrational (*see Matter of Frishman v Schmidt,* 61 NY2d 823; *Gillen v Zoning Bd. of Appeals of Town of Cortlandt,* 144 AD2d 433).

Here, the determination of the Zoning Board of Appeals of the Town of Huntington (hereinafter the ZBA) that construction of the dormitories undertaken by Five Towns College was not a permissible accessory use under Town of Huntington Code § 198-13 (B) and that a special use permit was required pursuant to Town Code § 198-68 (A) (12), had a rational basis. The ZBA determined that the applicable provision of the special use statute, specifically mentioning dormitories and imposing conditions on such dormitory use, including a greater minimum lot area, was controlling. The ZBA further found that the college's contrary interpretation would result in rendering that provision of the Town Code meaningless, a result not intended by the legislative body. Thus, the ZBA's interpretation was reasonable, had a rational basis, and was made with regard to applicable law (*see Matter of Smith v Board of Appeals of Town of Islip,* 202 AD2d 674).

Accordingly, it was error for the Supreme Court to annul the determination in Matter No. 2 and to dismiss the complaint in Matter No. 1. Altman, J.P., Friedmann, Schmidt and Adams, JJ., concur.