■ ELLIOTT NORWALK et al., Appellant, v J.P. MORGAN & Co., INCORPORATED, Respondent. [751 NYS2d 411] —In an action, inter alia, to recover damages for conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered September 20, 2001, as denied that branch of his motion which was for leave to amend the complaint to add a cause of action to impose a constructive trust and granted that branch of the motion which was to name J.P. Morgan Chase & Co. as an additional defendant only to the extent of substituting J.P. Morgan Chase & Co. as a defendant in place of J.P. Morgan & Co., Incorporated.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly denied that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action to impose a constructive trust on shares of stock formerly owned by his mother. The stock was erroneously escheated to the State of New York by the defendant and sold by the state. According to the plaintiff, the state then refunded the cash value of the shares to the defendant. In a prior decision and order in this case, this Court determined that the plaintiff did not have a continuing possessory interest in the stock and that his damages were limited to the amount of the refund the defendant received, plus interest (*see Norwalk v J.P. Morgan & Co.*, 268 AD2d 413). Consequently, a constructive trust cause of action seeking restitution of the shares of stock is barred by the doctrine of law of the case (*see Ometz Realty Corp. v Vanette Auto Supplies*, 262 AD2d 539).

The Supreme Court also correctly granted that branch of the plaintiff's motion which was to add J.P. Morgan Chase & Co., the successor to the defendant J.P. Morgan & Co., Incorporated, as a defendant only to the extent of substituting the successor entity as the defendant. S. Miller, J.P., Luciano, Crane and Rivera, JJ., concur.