■ In the Matter of ROBERT MARX et al., Respondents, v BRUCE E. HUMENIK et al., Appellants. [756 NYS2d 75] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Zoning Board of Appeals of the Village of Babylon dated November 8, 1996, as, after a hearing, upon approving the petitioners' application, inter alia, to extend the second floor of a building in order to add another

apartment, conditioned the approval upon the petitioners' removal of an apartment on the ground floor of the building, the appeal is from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered August 24, 2001, which granted the petition and annulled so much of the determination as conditioned approval of the petitioners' application upon removal of the ground floor apartment.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, so much of the determination as conditioned approval of the petitioners' application upon removal of the ground floor apartment is confirmed, and the proceeding is dismissed on the merits.

The Supreme Court erred in annulling so much of the determination of the Zoning Board of Appeals of the Village of Babylon (hereinafter the Zoning Board) as conditioned approval of the petitioners' application upon removal of the apartment on the ground floor of the building. The Zoning Board's determination was based on its finding that the petitioners failed to establish a preexisting nonconforming use of the property. The affidavits submitted by the petitioners concerning the use of the property were conclusory, and did not establish that the use of the premises for residential apartments predated the enactment of the Village of Babylon zoning ordinance (*see Matter of McQuade v Zoning Bd. of Appeals of Town of Huntington,* 248 AD2d 386 [1998]). Notably, even if the petitioners had proven the existence of the preexisting nonconforming use of the building for residential apartments, they would not be entitled to expand upon such use as a matter of right, since "the protection of vested rights in a nonconforming structure existing at the time a prohibitory code is enacted does not extend to subsequent construction" (*Matter of Cucci v Zoning Bd. of Appeals of Town of Huntington,* 154 AD2d 372, 373 [1989]; *see Matter of Rembar v Board of Appeals of Vil. of E. Hampton,* 148 AD2d 619 [1989]).

Finally, the Zoning Board's interpretation and application of the Building Zone Ordinance of the Village of Babylon § 248-17B (2) as requiring the removal of the ground floor apartment as a condition of granting special permission for the addition of a dormer and another apartment on the second floor is rational and supported by substantial evidence (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington,* 87 NY2d 344, 351 [1996]; *Town of Huntington v Five Towns Coll. Real Prop. Trust,* 293 AD2d 467 [2002]). Accordingly, the judgment is reversed, so much of the determination as conditioned approval of the petitioners' application upon removal of the

ground floor apartment is confirmed, and the proceeding is dismissed on the merits. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.