■ In the Matter of PETER MANGLAVITI et al., Appellants, v ROBERT KOZAKIEWICZ et al., Respondents. [775 NYS2d 545]—

In a proceeding pursuant to CPLR article 78 to review Resolution No. 574 of the Town Board of the Town of Riverhead dated May 21, 2002, which, inter alia, determined that the construction of a training facility for the Town of Riverhead Fire District was a "municipal building" and a permitted use, the petitioners appeal, as limited by their brief, from so much of

an order and judgment (one paper) of the Supreme Court, Suffolk County (Oliver, J.), dated November 29, 2002, as granted the respondents' cross motions to dismiss the proceeding, and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Riverhead Fire District (hereinafter the Fire District) sought to construct a fire training facility called a "burn building" on a 13.5-acre undeveloped parcel which was zoned in an "Agriculture A" District. The Town Board of the Town of Riverhead (hereinafter the Town Board) passed Resolution No. 574 which determined that pursuant to Code of the Town of Riverhead § 108-54, the fire training facility was a "municipal building," and, therefore, a permitted land use.

The Town Board's interpretation of the Town Code is entitled to deference and should not be disturbed unless it is unreasonable or irrational (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville,* 98 NY2d 683, 685 [2002]; *Matter of Toys "R" Us v Silva,* 89 NY2d 411, 423 [1996]; *Town of Huntington v Five Towns Coll. Real Prop. Trust,* 293 AD2d 467 [2002]). We find that the determination of the Town Board that the proposed training facility is a "municipal building" under Code of the Town of Riverhead § 108-54 was not unreasonable or irrational.

The petitioners' remaining contentions are without merit. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.