In the Matter of JACK STERNGASS, Respondent-Appellant, v TOWN BOARD OF TOWN OF CLARKSTOWN et al., Appellants-Respondents. (Matter No. 1.) In the Matter of LEATHER STOCKING ANTIQUES, INC., et al., Respondents-Appellants, v TOWN OF CLARKSTOWN et al., Appellants-Respondents. (Matter No. 2.) In the Matter of LEATHER STOCKING ANTIQUES, INC., et al., Respondents-Appellants, v ZONING ADMINISTRATOR OF TOWN OF CLARKSTOWN et al., Appellants-Respondents. (Matter No. 3.) [781 NYS2d 131]—

In related matters, inter alia, for a judgment declaring the rezoning of the petitioners' properties from MF-3 to MF-1 null and void, and for a judgment declaring that the petitioners' proposed development of lot 28 is exempt from Clarkstown Town Code § 290-31 (D) requiring site plan approval, (1) the Town of Clarkstown, Town Board of the Town of Clarkstown, and Clarkstown Planning Board appeal from stated portions of an order and judgment (one paper) of the Supreme Court, Rockland County (O'Rourke, J.), entered June 24, 2002, which, inter alia, denied that branch of their motion which was for summary judgment dismissing the cause of action sounding in estoppel and, upon searching the record, granted the petitioners summary judgment declaring that the rezoning of their property from MF-3 to MF-1 is null and void, (2) the Zoning Administrator of the Town of Clarkstown, the Building Inspector of the Town of Clarkstown, and the Town of Clarkstown separately appeal, as limited by their brief, from so much of the same order and judgment as declared that the proposed develop-

ment of lot 28 is exempt from Clarkstown Town Code § 290-31 (D) requiring site plan approval and directed the issuance of a building permit, (3) the petitioners cross-appeal, as limited by their notice of cross appeal and brief, from stated portions of the same order and judgment which, inter alia, dismissed the cause of action to recover damages for breach of contract, and (4) the petitioners appeal from so much of an order of the same court dated September 23, 2002, as granted the motion of the Zoning Administrator of the Town of Clarkstown, the Building Inspector of the Town of Clarkstown, and the Town of Clarkstown for reargument, and upon reargument, modified the order and judgment by directing submission of a site plan application prior to the issuance of a building permit.

Ordered that the appeal from so much of the order and judgment as directed the issuance of a building permit is dismissed as academic, without costs or disbursements, as that portion of the order and judgment was vacated by the order dated September 23, 2002, made upon reargument; and it is further,

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action sounding in estoppel and, upon searching the record, granted the petitioners summary judgment declaring that the rezoning of their property from MF-3 to MF-1 is null and void and (2) deleting the provision thereof declaring that the proposed development of lot 28 is exempt from Clarkstown Town Code § 290-31 (D) requiring site plan approval, and substituting therefor a provision declaring that the petitioners' proposed development of lot 28 is not exempt from Clarkstown Town Code § 290-31 (D) requiring site plan approval; as so modified, the order and judgment is affirmed insofar as reviewed, without costs or disbursements, and the provision of the order dated September 23, 2002, which specified that the application for site plan approval for lot 28 be in conformity with MF-3 zoning is vacated; and it is further,

Ordered that the order dated September 23, 2002, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Rockland County, for a hearing pursuant to CPLR 3212 (b) on the framed issues of whether the rezoning of the property from MF-3 to MF-1 was barred by estoppel and/or bad faith.

Seeking to redevelop their property, the landowners applied for a zoning change from Multi-Family MF-1 to MF-3 designation, which would increase the allowable residential density for

multi-family development on the property. In January 1996 the Town Board of the Town of Clarkstown (hereinafter the Town Board) approved the application for all the lots including lot 28 on condition that the Bobbin Inn, situated on lot 18, be demolished within 45 days, and sole access to Route 9W be provided through construction of an interior driveway which would necessitate the acquisition of contiguous parcels or easements. Thereafter, the Bobbin Inn was demolished at an expense of $40,000 and contiguous parcels were purchased for $800,000.

In April 1996 the landowners filed a site plan application with the Clarkstown Planning Board for the development of multi-family townhouse units on the property in conformity with the MF-3 classification. While the site plan application was under review the Town Board restored the property to MF-1 zoning.

The related matters before us seek, inter alia, damages for breach of contract, invocation of estoppel, and mandamus to compel issuance of a building permit. The Supreme Court properly dismissed the cause of action to recover damages for breach of contract on the ground that no notice of claim was filed pursuant to Town Law § 65 (3) (*see Poppe Gen. Contr. v Town of Ramapo,* 280 AD2d 667 [2001]; *Town Bd. of Town of New Castle v Meehan,* 226 AD2d 702, 703 [1996]; *Holzmacher, McClendon & Murrell v Town of E. Hampton,* 204 AD2d 604 [1994]).

The record is insufficient to support the determination of the Supreme Court that the petitioners acquired vested rights in the rezoning of their property from MF-1 to MF-3 when they complied with the conditions imposed by the Town as a quid pro quo for the change in zoning.

At the time of its demolition, the Bobbin Inn was income-producing property occupied by families receiving public assistance. However, there is no information in the record as to the extent of the income derived from the Bobbin Inn prior to its demolition.

The Town Supervisor acknowledged that the Town wanted the Bobbin Inn closed because "some of its residents had created problems." He further acknowledged that "we had had numerous inspections over there, but I don't think we were ever successful in having the structure closed." The Town made demolition of the Bobbin Inn a condition for rezoning to MF-3 on the ground that, in the words of the Town Supervisor, "[i]t had been a problem for a long time and the Town felt that this was an opportunity to put an end to its sorry history."

The Court of Appeals has held that "[w]hether rooted in equity or the common law, the operation and effect of the vested

rights doctrine is the same and it has been applied alike to a single building or a subdivision" (*Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114, 122 [1990]). Further, the Court of Appeals has recognized that there are exceptions to the general rule against invoking estoppel against a municipality in unusual factual situations to prevent injustice (*see Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359 [1988]).

Generally, a landowner does not have vested rights in a zoning change (*see Rodgers v Village of Tarrytown,* 302 NY 115, 120 [1951]). Substantial improvements and expenditures standing alone are insufficient to give vested rights. The landowner must establish that the expenditures were so substantial that the "municipal action results in serious loss rendering the improvements essentially valueless" (*Town of Orangetown v Magee,* 88 NY2d 41, 48 [1996]).

The Town's rezoning of the property from MF-1 to MF-3 invited invocation of the doctrine of vested rights by requiring the demolition of the Bobbin Inn within 45 days and requiring the acquisition of easements or adjoining parcels in order to develop the property in accordance with MF-3 zoning. The terms of the resolution mandated that the petitioners change their position to their detriment in exchange for the rezoning to MF-3 (*see Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals, supra*).

The chronology of events indicates that the Town may have acted in bad faith (*see Matter of Pokoik v Silsdorf,* 40 NY2d 769 [1976]; *Matter of Marasco v Zoning Bd. of Appeals,* 242 AD2d 724 [1997]). An income-producing building, which the Town regarded as a nuisance, was demolished in exchange for rezoning to MF-3. The Town may have implemented the rezoning to MF-3 as a ploy so the landowners, at their own expense, would do what the Town was unable to do.

However, the record is insufficient to determine these issues as a matter of law. Accordingly, the matter must be remitted to the Supreme Court, Rockland County, for a hearing on the framed issue of whether the rezoning of the property from MF-3 to MF-1 was barred by estoppel and/or bad faith.

We note that the Supreme Court erred in initially finding that the proposal to redevelop lot 28 was exempt from Clarkstown Town Code § 290-31 (D) by virtue of its status as a pre-existing nonconforming use. It is undisputed that by 1982, all existing structures on Lot 28 had been demolished. Clarkstown Town Code § 290-29 (C) provides that if a nonconforming use is discontinued for a continuous period of one year, the building or

land where such nonconforming use previously existed shall thereafter be occupied and used only for a conforming use. The protection of vested rights in a nonconforming structure existing at the time a prohibitory code is enacted does not extend to subsequent construction (*see Matter of Marx v Humenik,* 302 AD2d 528 [2003]; *Matter of Cucci v Zoning Bd. of Appeals,* 154 AD2d 372 [1989]). Upon reargument, the Supreme Court properly directed the landowners to file a site plan application for lot 28 prior to the issuance of a building permit. However, the question of whether a site plan application may be filed in conformity with the MF-3 zoning district may only be determined after the hearing and new determination as to whether the rezoning from MF-3 to MF-1 applies.

The remaining contentions of the parties are without merit or relate to matters which are pending and undecided by the Supreme Court (*see Katz v Katz,* 68 AD2d 536 [1979]). Ritter, J.P., H. Miller, Goldstein and Mastro, JJ., concur.