■ JACK STERNGASS, Appellant, v TOWN BOARD OF TOWN OF CLARKSTOWN et al., Respondents. (Action No. 1.) LEATHER STOCKING ANTIQUES, INC., et al., Appellants, v TOWN OF CLARKSTOWN et al., Respondents. (Action No. 2.) (And a Related Action/Proceeding.) [841 NYS2d 453]—In related actions, inter alia, for a judgment declaring the rezoning of the plaintiffs' properties from MF-3 to MF-1 null and void, the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated December 30, 2005, as denied that branch of their motion which was for leave to amend the complaints in action Nos. 1 and 2 to add a cause of action for a judgment declaring that the subject properties remain governed by the 1939 Town of Clarkstown Zoning Ordinance.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to the doctrine of law of the case, judicial determinations made during the course of a litigation before final judgment is entered may have preclusive effect provided that the parties had a full and fair opportunity to litigate the initial determination (*see Marcus Dairy, Inc. v Jacene Realty Corp.*, 27 AD3d 427 [2006]). The issue raised by the appellants on this appeal is the same as that raised by them and addressed by this Court on a prior appeal, which was determined to be "without merit" (*Matter of Sterngass v Town Bd. of Town of Clarkstown*, 10 AD3d 402, 406 [2004]). Since the appellants had a full and fair opportunity to litigate this issue, they are precluded from relitigating it.

Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for leave to amend the complaints in action Nos. 1 and 2 (*see Norwalk v Morgan & Co.*, 300 AD2d 373, 374 [2002]). Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.