American Home Mtge. Servicing, Inc. v Arklis (2020 NY Slip Op 07527)





American Home Mtge. Servicing, Inc. v Arklis


2020 NY Slip Op 07527


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-06396
2018-06397
 (Index No. 8566/08)

[*1]American Home Mortgage Servicing, Inc., plaintiff,
v
Dasha Arklis, appellant, et al., defendants; MTGLQ Investors, L.P., nonparty-respondent.


Tsyngauz & Associates, P.C., New York, NY (Yevgeny Tsyngauz and Simon I. Malinowski of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dasha Arklis appeals from (1) an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated March 5, 2018, and (2) a judgment of foreclosure and sale of the same court, also dated March 5, 2018. The order, insofar as appealed from, granted that branch of the motion of nonparty MTGLQ Investors, L.P., the plaintiff's assignee, which was for a judgment of foreclosure and sale, and denied the cross motion of the defendant Dasha Arklis, inter alia, pursuant to CPLR 5015(a)(1) to vacate an order of reference dated December 10, 2009, entered upon her default in answering the complaint, and pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her for lack of standing. The judgment of foreclosure and sale, upon the order, inter alia, directed the sale of the subject property.
ORDERED that appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In this action to foreclose a mortgage, nonparty MTGLQ Investors, L.P. (hereinafter MTGLQ), the plaintiff's assignee, moved, among other things, for a judgment of foreclosure and sale, and the defendant Dasha Arklis (hereinafter the defendant) cross-moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate an order of reference dated December 10, 2009, entered upon her default in answering the complaint, and pursuant to CPLR 3211(a)(3) to dismiss the complaint [*2]insofar as asserted against her for lack of standing. The Supreme Court granted MTGLQ's motion and denied the defendant's cross motion. Thereafter, the court issued a judgment of foreclosure and sale. The defendant appeals.
A defendant seeking to vacate a default in answering or appearing on the ground of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; HSBC Bank USA, N.A. v Smart, 155 AD3d 843, 843).
Here, the defendant failed to present a reasonable excuse for her default in answering the complaint. The defendant's affidavit submitted in support of her cross motion, containing a mere denial of receipt, does not constitute a reasonable excuse (see Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 492; Nationstar Mtge., LLC v McLean, 140 AD3d 1131). To the extent the defendant relies upon the Supreme Court's order dated September 23, 2014, such reliance is misplaced, as this Court, on the plaintiff's appeal, reversed that order (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180). "Pursuant to the doctrine of law of the case, judicial determinations made during the course of a litigation before final judgment is entered may have preclusive effect provided that the parties had a full and fair opportunity to litigate the initial determination" (Sterngass v Town Bd. of Clarkstown, 43 AD3d 1037, 1037; see Fidler v Gordon-Herricks Corp., 173 AD3d 840; Marcus Dairy, Inc. v Jacene Realty Corp., 27 AD3d 427, 427). Here, on the appeal of the September 23, 2014 order, the parties had a full and fair opportunity to litigate the issue of whether the defendant was served with the summons and complaint. This Court determined that the defendant waived any claim that the Supreme Court lacked jurisdiction over her in this action (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d at 1182). The defendant raises the same issue on this appeal, but she is precluded from relitigating it (see Sterngass v Town Bd. of Clarkstown, 43 AD3d at 1037; Marcus Dairy, Inc. v Jacene Realty Corp., 27 AD3d at 427).
Since the defendant failed to establish a reasonable excuse for her default in answering the complaint, it is unnecessary to consider whether she established the existence of a potentially meritorious defense based on lack of standing (see Bank of N.Y. Mellon v Daniels, 180 AD3d 738).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting that branch of MTGLQ's motion which was for a judgment of foreclosure and sale, and denying the defendant's cross motion, inter alia, pursuant to CPLR 5015(a) to vacate the order dated December 10, 2009, entered on her default in answering the complaint.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court